# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-41308
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS PABLO-GONZALEZ, also known as Tomas Pablo Gonzalez,

Defendant-Appellant

Consoldiated with
No. 08-41318

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS PABLO-GONZALEZ, also known as Juan Garcia-Gonzalez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-603-ALL
USDC No. 1:08-CR-1174-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Tomas Pablo-Gonzalez challenges (1) the sentence imposed following his conviction for being an alien unlawfully found in the United States after deportation, 8 U.S.C. § 1326; and (2) the sentence imposed following the revocation of a previously imposed term of supervised release, 18 U.S.C. § 3583(e)(3). Pablo-Gonzalez argues that the district court committed significant procedural error with respect to both sentences by imposing within-guidelines sentences without adequate explanation or consideration of the 18 U.S.C. § 3553(a) factors. Pablo-Gonzalez concedes that he did not raise these arguments in the district court with respect to either sentence, but he seeks to preserve for review his contention that review should not be limited to plain error.

Because Pablo-Gonzalez did not raise these arguments in the district court with respect to either sentence, we review for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). To show plain error, Pablo-Gonzalez must show an error that is clear or obvious and that affects his substantial rights. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). This court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Pablo-Gonzalez does not explain how either sentence might have differed had the district court provided a more thorough explanation for its sentencing choices. Even if Pablo-Gonzalez has identified clear or obvious errors with respect to the adequacy of the district court's explanation of reasons for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences imposed, Pablo-Gonzalez cannot show that the errors affected his substantial rights because nothing in the record suggests that his sentences would have been different had the court provided more extensive reasons for the sentences imposed. *See Mondragon-Santiago*, 564 F.3d at 364-65. He argues that his substantial rights were affected because the district court's failure to explain why it rejected his nonfrivolous arguments for lesser sentences "rendered it impossible for the court of appeals to conduct any meaningful substantive reasonableness review." This argument is foreclosed with respect to within-guidelines sentences. *See Mondragon-Santiago*, 564 F.3d at 365. Because Pablo-Gonzalez has not shown that the errors, if any, affected his substantial rights, he has not shown plain error. *See id.* at 364-65; *Baker*, 538 F.3d at 332. The judgments of the district court are AFFIRMED.